

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

### BILL OF INFORMATION FOR MAKING FALSE STATEMENTS TO A FINANCIAL INSTITUTION, AND FORFEITURE ALLEGATION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 16- 13-JWD-RLB |
| | : | |
| VERSUS | : | 18 U.S.C. § 1014 |
| | : | 18 U.S.C. § 2 |
| CHARLES RICHARD BARBER | : | 18 U.S.C. § 982(a)(2)(A) |

**THE UNITED STATES ATTORNEY CHARGES:**

**AT ALL TIMES RELEVANT TO THIS BILL OF INFORMATION:**

**BACKGROUND**

1. **CHARLES RICHARD BARBER** ("**BARBER**"), defendant herein, was a resident of Jackson, Louisiana. **BARBER** was employed by, and had a 25% ownership interest in, Hometown Credit of Jackson ("Hometown"), which was located in Jackson, Louisiana. Hometown Credit loaned money to individual borrowers in and around East and West Feliciana Parishes with an average loan size of approximately $1,000 to $5,000.

2. The Highlands Bank ("Highlands Bank") was a financial institution as defined by Title 18, United States Code, Section 20, and its deposits were insured by the Federal Deposit Insurance Corporation. Highlands Bank's main office was located in Jackson, Louisiana, which branch maintained a lending relationship with Hometown and **BARBER**.

3. In 2004, Hometown opened a revolving line of credit with Highlands Bank. The line of credit allowed Hometown to take loans from Highlands Bank on an as-needed basis to finance Hometown's loan portfolio. The line of credit was secured by loans Hometown made to other individuals who borrowed small amounts of money from Hometown.

4. The revolving line of credit was superseded by a new loan agreement executed in 2007.

5. The revolving line of credit was again superseded by the execution of a new loan agreement in 2011. The 2011 loan agreement had a 1-year term, which was automatically renewed on an annual basis unless either party rejected the automatic annual renewal in advance.

6. Hometown received an initial payment of $735,325 from the revolving line of credit on March 31, 2011.

7. Beginning in or about May of 2014 and continuing through in or about May of 2015, the exact dates being unknown, **BARBER** made material false representations in monthly statements provided to Highlands Bank that misstated the value and delinquency rate of the loans Hometown used as collateral for its revolving line of credit with Highlands Bank. **BARBER** signed monthly statements to Highlands Bank that contained the material false representations.

8. **BARBER** directed Hometown employee #1 to create monthly statements for Highlands Bank that contained material false representations about the value of Hometown's loan portfolio and the amount of delinquent loans in Hometown's loan portfolio. The monthly statements contained material false statements that overvalued the value of the outstanding loans in Hometown's portfolio, and undervalued the delinquency rate of the loans in Hometown's portfolio.

9. **BARBER's** material false representations in the monthly statements to Highlands Bank allowed Hometown to avoid default and keep the revolving line of credit open and available to make draws. The false statements concealed important information from Highlands Bank and caused the bank to disburse funds based on false pretenses.

10. As a result of **BARBER's** material, false and fraudulent statements, Highlands Bank suffered a loss of approximately $590,000.

## COUNT ONE
(Making False Statements to a Financial Institution)

11. Paragraphs 1 through 10 of this Bill of Information are incorporated herein as factual allegations.

12. On or about October 5, 2014, the exact date being unknown, in the Middle District of Louisiana, **CHARLES RICHARD BARBER**, defendant herein, knowingly made a material false statement for the purpose of influencing the action of Highlands Bank, a financial institution the deposits of which were insured by the Federal Deposit Insurance Corporation, in connection with an advance of money to Hometown under a revolving line of credit, in that the defendant made material false representations about the value of Hometown's loan portfolio and the value of delinquent loans in Hometown's loan portfolio, knowing that such statements overstated the value of the loan portfolio and understated the value of delinquent loans in the portfolio.

The above is a violation of Title 18, United States Code, Sections 1014 and 2.

## NOTICE OF FORFEITURE

13. Paragraphs 1 through 12 of this Bill of Information are incorporated herein for purposes of this Forfeiture Allegation.

14. Upon conviction of the false statement offense set forth in this Bill of Information, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), all property constituting, or derived from, proceeds the defendant obtained, directly or indirectly, as the result of the false statement to the bank.

15. If any of the above described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States to seek a money judgment for the amount of the loss, and pursuant to Title 21, United States Code, Section 853(p) as incorporated by Title 18, United States Code, Section 982(b), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

UNITED STATES OF AMERICA, by

*[signature]*

J. WALTER GREEN
UNITED STATES ATTORNEY

Date: 2-22-2016

*[signature]*

RENÉ I. SALOMON
ASSISTANT U.S. ATTORNEY

*[signature]*

ADAM PTASHKIN
ASSISTANT U.S. ATTORNEY

# Criminal Cover Sheet — U.S. District Court

**Place of Offense:**

City: Baton Rouge

County/Parish: East Baton Rouge

FBI-Thomas Goeke

Matter to be sealed: X No  ☐ Yes

**Related Case Information:**

Superseding Indictment _____   Docket Number _____
Same Defendant _____   New Defendant ___X___
Magistrate Case Number _____
Search Warrant Case No. _____
R 20/ R 40 from District of _____
**Any Other Related Cases:** _____

**Defendant Information:**

Defendant Name: Charles Richard Barber

**U.S. Attorney Information:**

AUSA: Adam Ptashkin   NYBN 5138821

Interpreter: ☐ No  ☐ Yes   List language and/or dialect: _____

**Location Status:**

Arrest Date _____
____ Already in Federal Custody as of _____
____ Already in State Custody
____ On Pretrial Release

**U.S.C. Citations:**

Total # of Counts: 1

| Index Key/Code | Description of Offense Charged | Count(s) | Petty/Misdemeanor/Felony |
|---|---|---|---|
| 18 USC § 1014 | Making False Statements to a Financial Institution | 1 | Felony |
|  |  |  | Felony |
|  |  |  | Felony |

(May be continued on second sheet)

Date: February 22, 2016   Signature of AUSA: /s/ Adam Ptashkin

District Court Case Number (To be filled in by deputy clerk): _____